IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE KING | ) | |
| 230 Pepperridge Court | ) | CASE NO. |
| Columbus, Ohio, 43228 | ) | |
| | ) | JUDGE |
|     On behalf of himself and all | ) | |
|     others similarly-situated | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | |
| | ) | |
| PINE ISLAND NOODLES, LLC | ) | |
| 7675 Patterson Road | ) | |
| Hilliard, Ohio, 43026 | ) | |
| | ) | |
|     -and- | ) | |
| | ) | |
| BRAD ESPOSITE | ) | |
| 7675 Patterson Road | ) | |
| Hilliard, Ohio, 43026 | ) | |
| | ) | |
|         Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT.

Through a knowing and company-wide scheme, Defendant Pine Island Noodles, LLC and its owner, Brad Esposite, systematically failed to pay Plaintiff Blake King and other similarly situated employees for all hours worked, resulting in the systemic payment of subminimum wages and the failure to pay overtime. Accordingly, Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). On behalf of himself and all other similarly situated employees, King brings this collective action for the recovery of unpaid overtime under the FLSA, 29 U.S.C. § 216(b) and pursuant to Ohio R.C. § 4111.10(C). Members of the collective action are referred to as the "Collective Class Members." King separately brings a claim for retaliatory termination in violation of the FLSA and the

OMFWSA. The following allegations are based upon information and belief, or personal knowledge as to King's own conduct and the conduct and acts of others.

## PARTIES.

1. King is an individual residing in Franklin County, Ohio. King performed work for Defendants within the last three years for which he was not paid the minimum wages and overtime wages guaranteed by the FLSA and the OMFWSA. King's signed consent to sue form is attached hereto as Exhibit "A."

2. The Collective Class Members are all current and former non-exempt employees of Defendants who were employed by Defendants at any time during the three-year period immediately preceding the filing of this lawsuit.

3. Pine Island Noodles, LLC ("Island Noodles") is a Florida corporation with its principal place of business located at 7675 Patterson Road, Hilliard, Ohio, 43026. Island Noodles can be served through its registered agent for service of process, Pat Hollow, 5033 Singleton Drive, Hilliard, Ohio, 43026.

4. Esposite was and is the owner, President, and principal of Island Noodles, who exercised direct control over Island Noodle's employee compensation practices within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he made decisions regarding pay rates, overtime eligibility, and payment practices. Further, Esposite made the decision to terminate King after King complained about not being paid for travel time or overtime. Thus, Esposite is personally liable the claims asserted herein.

## PERSONAL JURISDICTION.

5. Defendants hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

6. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this District because Defendants do a sizeable portion of their business in this District; their principal place of business is located in this district; and many of the wrongs herein alleged occurred and/or were based on compensation decisions that were made in this District.

## FLSA COVERAGE.

9. At all times referenced herein, Island Noodles formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10. At all times referenced herein, Blake and those similarly situated traveled across various states in furtherance of Island Noodle's business, preparing and serving food to customers and processing customer credit card payments, thereby falling within the individual coverage provision of the FLSA under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a).

## FACTUAL ALLEGATIONS.

11. Island Noodles is a food vendor that operates food trucks and food stands at various fairs, carnivals, and other outdoors venues in Florida, Ohio, Tennessee, Indiana, Virginia, and Kentucky.

12. Upon information and belief, Island Noodles is affiliated with and/or is franchise of the larger "Island Noodles" company that maintains the website www.islandnoodles.com.

13. As evidenced by Island Noodle's Facebook.com profile, it generally operates from February to December of each year.

14. Upon information and belief, decisions about compensation policies and practices are made by Island Noodle out of its headquarters or principal place of business located in Hilliard, Ohio, and are uniform across the business.

15. King is a former employee of Island Noodle.

16. King was first hired by Island Noodle in or around June of 2017.

17. King was employed by Island Noodle as a cook.

18. At all times referenced herein, King and other, similarly situated employees were paid on an hourly basis.

19. At all times referenced herein, King and other similarly situated employees would travel from location to location across the states served by Island Noodle, where they would set up the Island Noodle food truck and cook and sell food.

20. At all times referenced herein, King and those similarly situated were not paid for the time it took to travel from location to location.

21. At all times referenced herein, King and those similarly situated regularly worked more than 40 hours per week.

22. At all times referenced herein, Island Noodle paid King and those similarly situated the same hourly rate for overtime hours as it did for regular, non-overtime hours.

23. At all times referenced herein, Island Noodle failed to pay King and those similarly situated overtime at a rate of one- and one-half times their respective regular rates of pay when they worked more than 40 hours in a single workweek.

24. Because it was not paying King and those similarly situated for their travel time, Island Noodles failed to accurately track the amount of time they spent travelling

25.  By failing to keep track of how much time King and those similarly situated spent travelling, Island Noodle willfully and recklessly failed to ensure that King and other tipped employees were paid at least the minimum wage for all hours worked and/or overtime.

26.  Defendants' conduct, as described herein, was not based on good faith or an otherwise reasonable misunderstanding or misinterpretation of any statute, regulation, case law, or Department of Labor opinion or advisory.

27.  Defendants failed to consult any case law, statutes, regulations, or Department of Labor opinion or advisories that led them to reasonably believe that their compensation practices conformed with the minimum wage and overtime requirements of the FLSA.

28.  Defendants' violation of the FLSA was and is willful, is ongoing, and is designed with the purpose of reducing labor costs so those funds may be retained for the benefit and enrichment of the business and its owners.

29.  In or around late 2023, King complained to Esposite that he believed that he and those he worked with should be paid for their travel time, a daily per diem, and overtime.

30.  Esposite told King that he "doesn't do overtime" and that he pays a higher hourly rate "to make up for it."

31.  King responded to Esposite by stating that "that is not how it (overtime) works."

32.  Esposite told King that that he would "need to think about it" and that he would revisit the issue with King later.

33.  King responded to Esposite by stating that he strongly believed that he and those similarly situated should be paid overtime and for their travel time, and that if these issues

34.  On or about December 31, 2023, Esposite called King and terminated his employment, stating that "we need to go different ways."

35.  Esposite did not give King a reason for his termination.

36.  Defendants terminated King because of his complaints about not being paid overtime or for travel time, in violation of the anti-retaliation provisions of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS.

37. King incorporates by reference each of the allegations in the preceding paragraphs.

38. At all times referenced herein, Defendants employed non-exempt employees who (1) were paid on an hourly basis, and (2) for whom Defendants failed to pay for all hours worked and failed to pay overtime.

39. Defendants' policy of not paying for travel time and not paying overtime is a company-wide practice and was not limited to King.

40. King brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All persons who are or were formerly employed in a non-exempt, hourly positions by Defendant Pine Island Noodle, LLC, for any length of time during the three years immediately preceding this action.

41. Collective Action treatment of King's FLSA claim is appropriate because King and the Collective Class Members have been subjected to the same company-wide, common business practices referenced in Paragraphs 11-28 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' company-wide practices failed to properly compensate the Collective Class Members for all overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

42. King re-alleges and incorporates by reference the allegations set forth in paragraphs 1-41, above.

43. The FLSA requires each covered employer, such as Island Noodle, to pay the proper minimum wage to all employees for all hours worked.

44. The FLSA further requires covered employers to pay overtime for all hours worked over 40 in a single workweek.

45. King and those similarly situated were not exempt from the right to receive at least the minimum wage for all hours worked under the FLSA during their employment with Defendants.

46. King and those similarly situated were not exempt from the right to be paid overtime when they worked overtime hours.

47. Plaintiffs and those similarly situated are entitled to be paid at least the minimum wage for all hours worked and overtime for all hours worked over 40 in a single workweek.

48. At all times referenced herein, Defendants failed to pay King and those similarly situated overtime.

49. At all times referenced herein, Defendants failed to pay King and those similarly situated for their travel time, resulting at times in the payment of subminimum wages.

50. Defendants either recklessly failed to investigate whether its failure to pay King and those similarly situated the proper minimum wage rate and overtime violated the Federal Wage Laws of the United States; it intentionally misled King and those similarly situated to believe that Defendants were not legally required to pay for travel time or overtime; and/or Defendants concocted a scheme pursuant to which they deprived King and those similarly situated of the wages they earned.

51. Defendants' failure and refusal to pay King and those similarly situated the minimum wage for all hours worked and overtime was willful, intentional, and not in good faith.

52. King and those similarly situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. §§ 4111.02, *et seq.*

53. King re-alleges and incorporates by reference the allegations set forth in paragraphs 1-52, above.

54. Ohio R.C. § 4111.02 provides that "Every employer, as defined in Section 34a of Article II, Ohio Constitution, shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution."

55. Ohio R.C. § 4111.03(A) provides that 'An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek…"

56. By failing to pay King and those similarly situated for their travel time, Defendant unlawfully denied these employees the proper minimum wage for all hours worked.

57. Defendants failed to pay King and those similarly situated overtime.

58. In denying King and those similarly situated the minimum wage for all hours worked and overtime, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

59. As a direct and proximate result of Defendants' unlawful conduct, King and those similarly situated have suffered and will continue to suffer lost wages.

60. Having violated the OMFWSA, Defendants are liable to King and the Collective Class Members pursuant to O.R.C. § 4111.10(A) for the full amount of their unpaid minimum wages; an additional two times the amount of the back wages owed; and for costs and reasonable attorneys' fees.

**COUNT III: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)**.

61. King re-alleges and incorporates by reference the allegations set forth in paragraphs 1-60, above.

62. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person to retaliate against an employee who seeks to enforce that or other employee's rights under the FLSA.

63. Defendants unlawfully terminated King after he made protected complaints about Defendants failure to pay him and others for their travel time and overtime.

64. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against King because he engaged in protected activity.

65. As a result of Defendants' deliberate, unlawful, and willful acts as set forth above, King has suffered loss of earnings, earnings potential, other significant economic benefits, and emotional distress.

**COUNT VI: UNLAWFUL RETALIATION
IN VIOLATION OF OHIO R.C.§ 4111.13 AND THE OHIO CONSTITUTION.**

66. King re-alleges and incorporates by reference the allegations set forth in paragraphs 1-65, above.

67. Pursuant to R.C. 4111.13(B) as interpreted in light of R.C. 4111.02, Article II, Section 34a of the Ohio Constitution, and 29 U.S.C. §203(d), it is unlawful for any person to retaliate against an employee who seeks to enforce that employee's rights under the OMFWSA.

68. Article II, Section 34a of the Ohio Constitution provides that:

> No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions […] An action for equitable and monetary relief may be brought against an employer by […] an employee […] in any court of competent jurisdiction, […] for any violation of this section or any law or regulation implementing its provisions […] Where an employer is found by the state or a court to have violated any provision of this section, the employer shall within thirty days of the finding pay the employee back wages, damages, and the employee's costs and reasonable attorney's fees. Damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

69. R.C. 4111.14(J) states that:

> In accordance with Section 34a of Article II, Ohio Constitution, damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued. The "not less than one hundred fifty dollar" penalty specified in division (J) of this section shall be imposed only for violations of the anti-retaliation provision in Section 34a of Article II, Ohio Constitution.

70.    Defendants unlawfully terminated King after he made protected complaints about Defendants failure to pay him and others for their travel time and overtime.

71.    Defendants violated R.C. 4111.13(B) and the Ohio Constitution and showed reckless disregard of their respective provisions concerning retaliation by taking adverse actions against King because he engaged in protected activity.

72.    As a result of Defendants' deliberate, unlawful, and willful acts as set forth above, King has suffered a loss of earnings, earnings potential, other significant economic benefits, emotional distress, and is entitled to liquidated damages, including no less than $150.00 per day until this violation is corrected, attorney fees, and costs.

### PRAYER FOR RELIEF.

WHEREFORE, Plaintiff Blake        King requests judgment in his favor against Defendants Pine Island Noodle, LLC and Brad Esposite, containing the following relief:

(a) Designating this action as a collective action on behalf of King and the Collective he seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to Collective Class Members  apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating King as a representative for the Collective Class Members;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding King and the Collective Class Members unpaid minimum wages and overtime wages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) On Counts III and IV, an award against all Defendants of damages in an amount to be determined at trial, plus prejudgment interest, to compensate King for all economic,  non-economic, and/or compensatory damages, including, but not limited to, back pay, front pay, and compensation for King's mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(f) Awarding pre-judgment and post-judgment interest as provided by law;

(g) Awarding reasonable attorneys' fees and costs; and

(h) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Dr., Suite 200
Independence, Ohio 44131
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Blake King*

## JURY DEMAND

Plaintiff Blake King demand a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**